DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Mark Pavinich appeals from his convictions of domestic violence by menacing and violation of a temporary protection order in the Akron Municipal Court. We affirm.
 I.
In the spring of 1997, appellant Mark Pavinich and his wife, Liobov Pavinich, instituted divorce proceedings. The Pavinichs are the parents of one child, Christian, age six. On May 8, 1997, Mrs. Pavinich petitioned for and received an ex parte civil protection order against her husband in the Summit County Domestic Relations Court. On May 20, 1997, after a hearing, the domestic relations court issued a permanent civil protection order against Pavinich. The order designated the residence at 1380 West Exchange Street to be the exclusive residence of Mrs. Pavinich. It permitted Pavinich to remove certain tools from the basement of the residence during daylight hours, with prior notice to Mrs. Pavinich. It further ordered Pavinich to remove his tools from the home on May 26, 1997 at 10:00 a.m.
On May 25, 1997, at approximately 4:00 a.m., Pavinich arrived at the residence without prior notice to Mrs. Pavinich. He pounded on a door and demanded to see Christian. When Mrs. Pavinich responded that Christian was asleep and refused to let Pavinich into the home, he pounded harder on the door and then attempted to kick the door down. After Mrs. Pavinich contacted the Akron Police, Pavinich left the residence. The police arrested Pavinich later that day and charged him with one count of domestic violence by menacing, in violation of Akron City Code135.16(D). He was released on bond on May 26, 1997.
On May 27, 1997, the Akron Municipal Court issued a temporary protection order against Pavinich, prohibiting him from contacting his wife or coming to the residence. Pavinich called his wife on May 29, 1997 and threatened her life after she refused to drop the domestic violence charge. On May 30, 1997, the police arrested Pavinich and charged him with telephone harassment and violation of the temporary protection order, in violation of R.C. 2917.21(B) and 2919.27, respectively.
Between June 5, 1997 and June 18, 1997, Pavinich was sighted at or around the residence several times by Mrs. Pavinich and others. On June 20, 1997, Pavinich was arrested and charged with menacing by stalking and violation of the temporary protection order, in violation of Akron City Code 135.09 and R.C. 2919.27(B), respectively. He was released after posting bond.
The matters were consolidated and tried before a jury on September 4, 1997. On September 5, 1997, the jury found Pavinich guilty of domestic violence by menacing, violation of the temporary protective order on May 30, 1997 and violation of the temporary protective order on June 18, 1997. The trial court then sentenced Pavinich accordingly. This appeal followed.
 II.
Pavinich presents three assignments of error for our review. We afford each separate consideration.
 A. The trial court's remarks and actions before the jury taintedthe jury's role as the determiner of the witnesses'credibility, and denied the appellant/defendant due process.
In his first assignment of error, Pavinich argues the trial court improperly admonished him during his testimony, thereby damaging his credibility before the jury. After thorough review of the record, we find no merit in this contention.
We begin our analysis under the presumption that the trial judge in the instant case acted in a fair and impartial manner.In re Disqualification of Kilpatrick (1989), 47 Ohio St.3d 605,606. Pursuant to Evid.R. 611(A), "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." We apply the following five-part test to determine whether the trial judge's comments constituted an abuse of the authority conferred by Evid.R. 611:
 "(1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel."
Pool v. Wade (1996), 115 Ohio App.3d 449, 460, n. 5, quotingState v. Wade (1978), 53 Ohio St.2d 182, 188, vacated on other grounds (1978), 438 U.S. 911, 57 L.Ed.2d 1157.
The trial judge made all of the challenged comments during the direct and cross examinations of Pavinich. Review of Pavinich's testimony reveals the trial judge exercised her authority pursuant to Evid.R. 611 when she admonished Pavinich during his testimony. Pavinich consistently failed to answer the questions put to him by the attorneys, and persisted in offering additional information. The trial judge admonished Pavinich several times to simply answer the questions put to him. The judge's comments were proper to ensure Pavinich's answers remained in keeping with the Rules of Evidence. The record provides absolutely no evidence the challenged comments prejudiced the jury. We find the challenged comments were made in proper exercise of the trial judge's authority to monitor the presentation of evidence pursuant to Evid.R. 611.
In light of the foregoing, Pavinich's first assignment of error is overruled.
 B. The trial court committed plain error when it (1) failed todefine the term recklessness when it instructed the jury onthe crime of violating the temporary protection order, and(2) without amendment changed the date of one of the offensesfrom May 30, 1997 to May 29, 1997.
Pavinich herein argues the trial court erred in instructing the jury. Because Pavinich failed to object to the jury instructions during the trial, he must demonstrate that the trial court committed plain error in its charge. See State v. Evans
(1992), 63 Ohio St.3d 231, 241; Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Sneed (1992), 63 Ohio St.3d 3,10, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. This court should recognize an error not properly preserved for appeal only where "the outcome of the trial clearly would have been otherwise." Evans, 63 Ohio St.3d at 241, quoting Long, supra, at paragraph two of the syllabus.
Pavinich first contends the trial court erred because it failed to define the term "recklessly" when instructing the jury regarding the violation of a temporary protective order. He then argues the trial court erred when it listed May 29, 1997 as the date of the offense. However, Pavinich fails to show that the outcome of the trial would have differed in any way but for these alleged errors in the jury charge. As such, Pavinich fails to demonstrate plain error on the part of the trial court. Thus, his second assignment of error is overruled.
 C. The verdict of the jury is to the violations of temporaryprotection order [sic] on May 30, 1997, and June 18, 1997 isagainst the weight and sufficiency of the evidence.
Pavinich maintains his convictions were based upon insufficient evidence. "With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the jury verdict as a matter of law.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. In order for this court to determine whether Pavinich's conviction was supported by sufficient evidence, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia (1979),443 U.S. 307, 319, 61 L.Ed.2d 560, 573; State v. Jamison (1990),49 Ohio St.3d 182, 191; State v. Eley (1978), 56 Ohio St.2d 169, syllabus. Review of the record indicates Pavinich's convictions were supported by sufficient evidence.
Pavinich also maintains the jury's verdict was against the manifest weight of the evidence. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasis sic.) Thompkins, supra, at 387. In determining whether Pavinich's convictions were against the manifest weight of the evidence, this court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
After careful review of the record, we find the greater amount of the evidence presented supports the jury's verdict. As such, we cannot hold the jury lost its way and created a manifest miscarriage of justice. We conclude this case does not present the extraordinary circumstance wherein a criminal conviction will be reversed based upon the manifest weight of the evidence. SeeState v. Martin (1983), 20 Ohio App.3d 172, 175.
Accordingly, Pavinich's third assignment of error is overruled.
 III.
Pavinich's three assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Akron Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR